UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05CR709 HEA |
| ) | |
| GUERRY MENDEZ, ) | |
| ) | |
| Defendant, ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Magistrate Judge David D. Noce's Report and Recommendation pursuant to 28 U.S.C. § 636(b) that defendant's Motion to Suppress Evidence and Statements, [Doc. #38], and his Supplemental Motion to Suppress Evidence and Statements, [Doc. # 41], be denied. Defendant has filed an objection to these recommendations, seeking a *de novo* review of his motions.

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id*. The court has reviewed the entire record, including listening to the audio recording of the hearing held on January 18, 2006.

In his initial Motion to Suppress Evidence and Statements, defendant argues that his arrest for Impeding the Duties of an Officer, Section 210.050, CC 1979 § 20-3; Ord. No 302 § 3, 1-3-77, of the St. Peter's Municipal Code, was unlawful because the ordinance is void for vagueness under the Due Process Clause of the United States and Missouri Constitutions. In his Supplemental Motion to Suppress Evidence and Statements, defendant argues that when the statements were made and evidenced seized, defendant was in a custodial interrogation that occurred in violation of his rights under *Miranda*. Defendant claims that when the officers involved attempted to advise him of his *Miranda* rights, they did so without the aid of an interpreter, and that since his first language is Spanish, he was not fully and adequately advised. At the hearing on January 18, 2006, counsel for defendant stated on the record that the issue regarding the lack of the presence of an interpreter at the time of defendant's arrest was withdrawn. However, defendant contends that the custodial interrogation occurred prior to defendant receiving his *Miranda* rights.

The following facts were adduced at the hearing through testimony presented. Defendant does not specifically object to Judge Noce's recitation of the facts, rather, in light of his objection to the Report and Recommendation, the Court assumes that defendant objects to the application of the law to the facts.

On November 29, 2005, St. Peters Police Officer Chris Golet received a telephone call on his cell phone from a security officer for the JCPenney store at the Mid-Rivers Mall in St. Peters, Missouri. Officer Golet was advised by the security officer that two men were behaving suspiciously in the store: one individual, later identified as Luis Santiago had used a credit card to purchase two $500 gift certificates. The two then went to a different register and Santiago engaged in an identical transaction with the same credit card. The officer stated that the name on the credit card matched the Virginia license the purchaser had produced for identification purposes. Officer Golet had records for Virginia and Missouri searched to verify the license.

Golet arrived at the Mid-River's Mall and entered the JCPenney store. He was dressed in his police clothes: a polo shirt with an embroidered badge on the front and the word "police" on the back, khaki pants and a duty belt which included a holstered gun. He identified defendant and Santiago from the description given by the security officer. He watched as the two engaged in three transactions at three different registers. Santiago purchased two $500 gift certificates. Defendant did not actually participate in the transactions, except to hand Santiago a blank gift card once. He stood nearby talking on a cell phone.

Golet called for additional help. Officer Thompson joined Golet before the

third transaction. Prior to approaching the two, Golet was informed that the Virginia license did not match Virginia or Missouri records.

After verifying that the third transaction followed the same pattern as the previous two, Officer Thompson approached the two and asked them if they could talk. They agreed. Golet joined Thompson, Santiago and Mendez outside the Mall. They all moved into the mall to be warmer in an open, public area. Inside this vestibule area, Golet asked Mendez for identification. He provided a name other than his own. Mendez said that he had lost his wallet. He told Golet that he was from Virginia. Santiago provided the name on the credit card he had been using, and presented the driver's license from Virginia that matched the credit card. After verification that there were no records of the names given in either Virginia or Missouri, the officers believed the names given by defendant and Santiago were false.

Sergeant Schmidt, of the St. Peters Police Department joined the interview. During this interview, defendant and Santiago were left alone at various times while the officers left them to confer. The interview was conducted in an area that had an outside access. The questioning took about 30 minutes. At the conclusion of the interview, Golet placed defendant under arrest for giving a false identity. Defendant volunteered that he lied because he was scared. Defendant was taken to the police

station where he was searched by Golet. The jacket containing credit card receipts was seized at that time.

Defendant argues that the municipal code section under which he was arrested is void for vagueness under the Due Process Clause of the United States Constitution and the Missouri Constitution because it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden. Further, defendant argues that the ordinance does not define the conduct it prohibits with sufficient definitiveness, fails to establish minimal guidelines to govern law enforcement and is vague as applied. Judge Noce's Report and Recommendation correctly sets forth the appropriate analysis; the issue is not whether the ordinance is ultimately determined to be unconstitutionally vague, rather, the analysis must be based on assessing whether the officers had probable cause to arrest defendant based on the ordinance as it was in effect.

The Fourth Amendment "permits an officer to arrest a suspect without a warrant if there is probable cause to believe that the suspect has committed or is committing an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 36, (1979). "Probable cause" justifying an arrest exists where the "facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing ... that the suspect has committed, is committing,

or is about to commit an offense." *Id.* at 37. "The validity of an arrest does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." *Id.* at 36.

At the time of defendant's arrest, defendant had given a false name. Upon discovering this falsity, it was reasonable for the officers to believe that defendant's actions were taken to impede them from performing their assigned duties, *i.e.* investigating the fraudulent purchases. Clearly a reasonable person in defendant's position would understand that giving a false name in order to avoid discovery of one's illegal actions, no matter how long the deception remains, would fall within the provisions of impeding the officers' ability to perform their assigned duties. The Court therefore agrees with Judge Noce's conclusion that it is not incumbent upon police officers to determine whether a statute or ordinance is unconstitutionally vague, rather it is their job to enforce laws unless they are declared unconstitutional. *DeFillippo*, 443 U.S. at 38.

Having probable cause to arrest defendant, the items seized following the arrest need not be suppressed.

Defendant also seeks to suppress the statement he made during the interview.

Judge Noce clearly sets out the six factors to evaluate the custodial nature of a situation, as set forth in *United States v. Axiom*, 289 F.3d 496, 500 (8th Cir. 2002). While defendant was not told the questioning was voluntary, that he was free to leave or that he was not considered under arrest, defendant agreed to talk with the officers, and at various times, defendant and Santiago were alone with access to the outside. The questioning occurred in an open area of the mall. The officers never told defendant he could not leave, nor did the officers overpower defendant with strong arm tactics or deceptive stratagems. The questioning took place over an approximately 30 minute period; it was not unduly long or protracted. Although defendant was arrested at the end of the questioning, considering all the factors together, and the circumstances surrounding the questioning, at the time defendant made the statements in question, a reasonable person in his position should have felt free to leave. The questioning took place in a non-custodial situation. Suppression of the statements made prior to defendant being advised of his *Miranda* rights is therefore not required.

Based upon the foregoing, defendants objection is overruled. The Court adopts Judge Noce's well reasoned Report and Recommendation in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Suppress Evidence and Statements, [Doc. 38], and his Supplemental Motion to Suppress Evidence and Statements, [Doc. 41], are denied.

Dated this 30th day of March, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE